UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN FRANCISCO MORENO-DIAZ,

Petitioner,

v. Case No.: 2:26-cv-02826-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court is Juan Francisco Moreno-Diaz's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Moreno-Diaz is a native and citizen of Nicaragua who entered the United States in August 2022. Customs and Border Protection (CBP) paroled him into the country. He has a pending asylum application and no criminal record. On August 21, 2026, CBP arrested Moreno-Diaz because of his immigration status. CBP issued an I-200 Warrant for Arrest of Alien on August 21, 2026, but it is facially defective. A CBP officer electronically signed the warrant at 11:35 a.m., the certificate of service states it was served about an hour earlier at 10:39 a.m., and the certificate of service was electronically signed between those two times, at 11:20 a.m. An Immigration and Customs Enforcement (ICE) officer issued a notice to appear (NTA) on August 21, 2026. It is not clear

if or when the NTA was served on Moreno-Diaz. The certificate of services indicates it was served by inter-detention mail, but it is not signed or dated. The Court can safely infer it was not served on Moreno-Diaz before his arrest and detention.

In his habeas petition, Moreno-Diaz argues his warrantless arrest and detention without notice, explanation, or any individualized consideration or justification violated the Fifth Amendment. In response, the government certifies it is detaining Moreno-Diaz under 8 U.S.C. § 1226(a) and argues he failed to exhaust administrative remedies by requesting a custody redetermination hearing under 28 C.F.R. § 1003.19. That regulation allows individuals in immigration detention to request review of custody determinations made under 28 C.F.R. part 1236. But Moreno-Diaz is not arguing the government made an incorrect initial custody determination. Rather, he claims the government violated the Fifth Amendment by arresting and detaining him without the process required in 28 C.F.R. part 1236. Exhaustion is not required here because the immigration courts cannot consider Moreno-Diaz's constitutional claims. *See Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 867 (11th Cir. 2018).

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including

aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The right at stake here—freedom from restraint—is a fundamental right. *Boumediene v. Bush*, 553 U.S. 723, 739 (2008) ("The Framers viewed freedom from unlawful restraint as a fundamental precept of liberty…"). When a government action impairs a fundamental right, courts "closely scrutinize the government action" to ensure the government acts "in a way that fundamental rights receive the respect and protection they are due." *Henry v. Sheriff of Tuscaloosa Cnty., Ala.*, 180 F.4th 1294, 1302 (11th Cir. 2026).

The Court finds a clear Fifth Amendment violation here because the government did not afford Moreno-Diaz the process required by governing statutes and regulations. 8 U.S.C. § 1226(a) states, "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The timing of the warrant, notice to appear, and arrest is important. 8 C.F.R. § 1236.1(b) states, "*At the time of issuance of the notice to appear, or at any time*

*thereafter* and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added).[1] A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. A noncitizen arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

There was no legal basis for the arrest because Moreno-Diaz was not yet in removal proceedings, and the government offers no reason why it could not have provided predeprivation process. In fact, it is undisputed that Moreno-Diaz was living openly in the United States after being paroled by CBP and that he engaged with immigration officials to apply for asylum. What is more, officials did not suspect Moreno-Diaz of any criminal activity. The government provides no reason for urgency here.

The government violated Moreno-Diaz's right to due process by arresting and detaining him without a warrant and before he was in removal proceedings. "ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here." *Gopie*

[1] An immigration officer can arrest an alien without a warrant if the officer has probable cause the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i), (ii). The respondents do not claim such probable cause existed here.

*v. Lyons*, No. 25-cv-5229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025).

Accordingly, it is hereby

**ORDERED**:

Juan Francisco Moreno-Diaz's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Moreno-Diaz within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 3, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record